JS-6
FILED
CLERK, U.S. DISTRICT COURT
2/22/2018
CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

cc: Bankruptcy Court and BAP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| IN RE: WRIGHTWOOD GUEST RANCH, LLC | CASE NO. ED CV 17-895 MWF<br>CASE NO. ED CV 17-947 MWF<br><br>ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER |
|---|---|

Before the Court is a joint appeal from the United States Bankruptcy Court (the Honorable Scott C. Clarkson, United States Bankruptcy Judge). Reid & Hellyer, APC ("R&H") and Walter Wilhelm Law Group, a Professional Corporation ("WWLG") (together, the "Appellants") appeal from the bankruptcy court's Order Granting Trustee's Motion for an Order Authorizing a Surcharge Under 11 U.S.C. § 506(c) in the Amount of $350,000, which issued on April 4, 2017 (the "Surcharge Order").

WWLG submitted Appellants' Joint Opening Brief on November 6, 2017 in Case No. ED CV 17-895 MWF. (Docket No. 20). On December 6, 2017, Appellee Richard J. Laski Lt., Chapter 11 Trustee, submitted an Answering Brief and Request that the Appeals be Dismissed for Lack of Standing. (Docket No. 21). On December 27, 2017, Appellants submitted their Joint Reply Brief. (Docket No. 22).

Unless otherwise noted, throughout this Order, all citations are to the docket in Case No. ED CV 17-895 MWF, though identical briefs have been filed in Case No. ED CV 17-947.

The Court has reviewed the papers filed in this appeal, and determined that it is appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing set for February 26, 2018, was vacated. Appellant WWLG's request for leave to appear telephonically (Docket No. 24) is therefore **DENIED** as moot.

The Order is **AFFIRMED**. The bankruptcy court correctly applied binding Ninth Circuit authority when it granted the requested relief in the Trustee's Motion for an Order Authorizing a Surcharge.

I.   **BACKGROUND**

On August 5, 2016, the bankruptcy court issue an Order Granting Chapter 11 Trustee's Motion for Order Approving Settlement Agreement Between the Trustee and Greenlake Real Estate Fund, LLC Pursuant to Bankruptcy Rule 9019 (the "Settlement Order"). (Supplement Excerpt of Record ("SER") 1 (Docket No. 21-2)). Among other things, the Settlement between the Trustee and secured creditor Greenlake capped any future surcharge at $350,000. (Answering Br. at 2). Appellants filed notices of appeal regarding the Settlement Order, and the appeals were consolidated before this Court as Case No. EDCV 16-1768-MWF. (Docket No. 10, *In re Wrightwood Guest Ranch, LLC*, No. EDCV 16-1768-MWF). In this Court's Order re Chapter 11 Trustee and Appellee's Motion to Dismiss Consolidated Bankruptcy Appeals ("Dismissal Order") dated December 7, 2016, this Court dismissed the appeal of the Settlement Order for lack of standing and mootness. (Docket No. 32, *In re Wrightwood Guest Ranch, LLC*, No. EDCV 16-1768-MWF). Appellants then appealed this Court's Dismissal Order to the Ninth Circuit. (Docket No. 35, *In re Wrightwood Guest Ranch, LLC*, No. EDCV 16-1768-MWF). That appeal is currently pending before the Ninth Circuit.

Meanwhile, on March 14, 2017, the Trustee filed in bankruptcy court a Motion for Order Authorizing a Surcharge Under 11 U.S.C. § 506(c) in the Amount of $350,000 (the "Surcharge Motion"). (SER 2 (Docket No. 21-3)). The Surcharge Motion documented over $449,035 in fees and costs incurred by the Trustee's accountant and counsel (the "Trustee Professionals") in preserving and disposing of the property located in Wrightwood, California (the "Property") in a manner that benefitted Greenlake. (*Id.*). However, the Motion sought a § 506(c) surcharge in only the agreed-upon capped amount of $350,000. (*Id.*). Appellant R&H filed an Opposition to the Surcharge Motion on behalf of its client, the Official Committee of Unsecured Creditors, as well as itself as a purported administrative creditor. (SER 3 (Docket No. 21-4). Appellant WWLG joined in that Opposition. (*Id.*). After a hearing, the bankruptcy court granted the Surcharge Motion. (Appellants' Joint Excerpts of Record ("ER") at 12, 28 (Docket No. 20-1)). Appellants filed these appeals.

## II. STANDARD OF REVIEW

A bankruptcy court's conclusions of law are reviewed de novo and findings of fact are reviewed for clear error. *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007). In the context of this appeal, the bankruptcy court's conclusion regarding whether § 506(c) permits the Trustee and his professionals to surcharge a secured creditor is a question of law subject to de novo review. *In re Debbie Reynolds Hotel & Casino, Inc.*, 255 F.3d 1061, 1065 (9th Cir. 2001); *In re Anderson*, 66 B.R. 97, 99 (9th Cir. BAP 1986). However, the bankruptcy court's conclusions regarding whether the expenses incurred by the Trustee Professionals were reasonable and necessary costs of preserving or disposing of the Property are reviewed only for abuse of discretion. *See, e.g.*, *In re Anderson*, 66 B.R. at 99 (holding that bankruptcy court's finding that expenses incurred under § 506(c) were reasonable, necessary, and beneficial to the secured creditor were "reversible only if clearly erroneous").

3

## III. DISCUSSION

The bankruptcy court's reasoning behind the Surcharge Order (as set forth in the hearing on the Surcharge Motion) and the parties' arguments in the briefs rest almost entirely on the Ninth Circuit's interpretation of 11 U.S.C. § 506(c), as set forth in *In re Debbie Reynolds*, 255 F.3d 1061 (9th Cir. 2001). Both Appellants and the Trustee acknowledge that *Debbie Reynolds* is currently the law in the Ninth Circuit. (Opening Br. at 2; Answering Br. at 6). Moreover, all parties acknowledge that, in light of the circumstances of this action, *Debbie Reynolds* controls. (Opening Br. at 3; Answering Br. at 7).

In *Debbie Reynolds*, the bankruptcy court entered an order permitting the sale through public auction of the assets of debtor Debbie Reynolds Hotel and Casino. 255 F.3d at 1064. The debtor's counsel sought payment out of a secured creditor's collateral pursuant to § 506(c), which provides that the "trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." *Id.* (quoting 11 U.S.C. § 506(c)). The payment of those expenses out of a creditor's secured property is known as a "surcharge". *Id.*

The secured creditor entered into a settlement agreement with the debtor's counsel that provided for a $50,000 payment from the secured creditor to the debtor's counsel pursuant to § 506(c). *Id.* Another creditor, Calstar, objected to the settlement agreement for, among other reasons, violating Calstar's rights as a "superpriority" creditor. *Id.* The bankruptcy court approved the agreement, and the Bankruptcy Appellate Panel reversed the bankruptcy court. The debtor and the secured creditor appealed to the Ninth Circuit. *Id.* at 1063.

As discussed in more detail below, the Ninth Circuit first held that, as an unsecured creditor, Calstar could not, "under any circumstances," seek a surcharge because the Supreme Court limited standing under § 506(c) to the trustee of a

bankruptcy estate and a debtor-in-possession. *Id.* at 1065-66 (citing *Hartford Underwriters Ins. Co. v. Union Planters Bank*, 530 U.S. 1 (2000)).

The Ninth Circuit next held that, although under the priority schedule codified in 11 U.S.C. § 507, Calstar's loan to the debtor had priority over the debtor's counsel's claim for fees, a § 506(c) surcharge does "not fall within the priority scheme of the Bankruptcy Code at all." *Id.* at 1067. A surcharge, the Ninth Circuit explained, is not an administrative claim, but an assessment against a secured party's collateral. Therefore, the surcharge does not come from the debtor's estate, but directly from the secured party's recovery. *Id.* Accordingly, the $50,000 surcharge agreed upon in the settlement agreement between the debtor's counsel and the secured creditor could be distributed directly to the debtor's counsel. *Id.* That the secured creditor agreed to pay the surcharge in the settlement agreement supported the bankruptcy court's finding that the surcharge expenses were reasonable and necessary expenses incurred in providing a benefit to the secured creditor. *Id.* at 1068, n.4.

Here, as in *Debbie Reynolds*, unsecured creditors argue that the surcharge distributed to the Trustee Professionals should be considered estate property and distributed *pro rata* pursuant to the priority scheme set forth in § 507. (Opening Br. at 9-10). Appellants argue that *Debbie Reynolds* is bad law because it encourages trustees and secured creditors to engage in "mischief" by cutting deals to label expenses as surcharges, such that unsecured creditors would be excluded. (*Id.* at 4-5; Reply at 2). Indeed, as Appellants point out, the bankruptcy court itself noted the possibility for this kind of mischief, while also acknowledging that *Debbie Reynolds* was "binding". (ER 37-40).

As Appellee, the Trustee argues that the holding in *Debbie Reynolds* makes sense: § 506(c) surcharges are intended to reimburse claimants for reasonable and necessary expenses that directly benefited the secured creditor. To distribute a surcharge on a *pro rata* basis pursuant to § 507 to all holders of administrative

5

claims would defeat the purpose of the provision. (Answering Br. at 8 (citing 4 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 506.05[1] (16th ed.))).

Rather than argue that *Debbie Reynolds* is somehow not applicable here or is distinguishable on the present facts, Appellants urge the Court to disregard this binding "bad law" in favor of the approach followed by the Fourth Circuit and the Court of Appeals for the District of Columbia. (Opening Br. at 6). In particular, Appellants urge the Court to follow *In re NETtel Corp.*, No. 00-01771, 2017 Bankr. LEXIS 3363 (Bankr. D.C.C. Sept. 29, 2017), in which the bankruptcy court rejected *Debbie Reynolds* because of potential unfairness to unsecured administrative creditors, such as Appellants, and concluded that a § 506(c) surcharge is "held in the estate and distributed according to preference rules" established by the Bankruptcy Code. *Id.* at *14-15. Appellants acknowledge that *NETtel* is not binding on this Court. (Opening Br. at 6).

Whatever misgivings the bankruptcy court or this Court might have about the holding in *Debbie Reynolds*, it is controlling, and the bankruptcy court correctly applied it here. Accordingly, the Court **AFFIRMS** the bankruptcy court's Surcharge Order.

IV. <u>STANDING</u>

The Trustee argues that, in the alternative, the Court may dismiss the appeal for lack of standing. The Trustee essentially argues that Appellants are not "aggrieved person[s] who [are] directly and adversely affected pecuniarily" by the bankruptcy court's Surcharge Order. (Answering Br. at 9 (quoting *In re Lona*, 393 B.R. 1, 3 (Bankr. N.D. Cal. 2008))). Ninth Circuit law makes clear, the Trustee argues, that creditors like Appellants have no right to seek a surcharge under § 506(c), and therefore they have "no cognizable pecuniary interest in the distribution of the $350,000 surcharged against secured creditor Greenlake's collateral." (*Id.* at 10).

"Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order." *In re Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983). Because bankruptcy litigation "generally affect[s] the rights of many . . . courts have created an additional prudential standing requirement in bankruptcy cases: The appellant must be a 'person aggrieved' by the bankruptcy court's order." *See In re Am. Eagle Mfg., Inc.*, 321 B.R. 320, 328 (B.A.P. 9th Cir. 1999) ("The Ninth Circuit Court of Appeals has adopted the 'person aggrieved' test ... as the standard for determining whether a party possesses appellate standing under the [Bankruptcy] Code."). The person aggrieved standard is "more exacting than the requirements for general Article III standing." *In re Andreuccetti*, 975 F.2d 413, 416 (7th Cir. 1992); *accord In re Heatherwood Holdings, LLC*, 746 F.3d 1206, 1216 (11th Cir. 2014); *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 117 (1st Cir. 2001); *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 530 (3d Cir. 1999).

As discussed above, the Ninth Circuit has held that "a § 506(c) surcharge is not an administrative claim, but is an assessment against a secured party's collateral. As such, it does not come out of the debtor's estate, but rather comes directly from the secured party's recovery." *In re Debbie Reynolds*, 255 F.3d at 1067. "Unsecured creditors . . . may not seek payment for monies expended on behalf of the estate from the collateral of a secured creditor." *Id.* at 1066. In Chapter 11 bankruptcy proceedings, standing under § 506(c) is limited to trustees and debtors-in-possession. *Id.* The Trustee therefore argues that, because Appellants have no ability to seek a surcharge or any portion of the surcharge, they have no standing to appeal the Surcharge Order. In other words, because the § 506(c) surcharge is not estate property, Appellants have no direct claim to it.

Appellants argue that they performed significant work in the underlying Chapter 11 matter on behalf of the Debtor and the Unsecured Creditor's Committee, and are entitled to some fees for that work. Because the $350,000 surcharge is

7

being distributed to the Trustee Professionals only, administrative creditors like Appellants are at risk of receiving nothing from the insolvent estate. As a result, Appellants argue that they are "aggrieved persons" who are directly and personally affected by the Surcharge Order. (Reply at 1).

The Court need not decide whether Appellants meet the prudential standing requirements of bankruptcy law but observes that, if it were forced to rule on the issue, it would likely find that the Appellants do not have standing to appeal the Surcharge Order. Generally speaking, Appellants may be "aggrieved" by the Surcharge Order in that the Trustee Professionals are receiving payment via the surcharge and Appellants are receiving none. (Reply at 1). However, in light of the Ninth Circuit's decision in *Debbie Reynolds*, it does not appear that they are "aggrieved" such that they meet the more exacting requirements for appellate standing under the Bankruptcy Code.

The Court does recognize a certain circularity to this conclusion that renders it a close issue: Because the Trustee and Greenlake entered a Settlement in which Greenlake agreed to pay the surcharge for the expenses incurred by the Trustee Professionals in their efforts to sell property on behalf of the estate, the bankruptcy court ordered the surcharge distributed to the Trustee Professionals, and because the payment is a surcharge under § 506(c), the Appellants by definition have no interest in it.

In any case, whether or not the Appellants meet the prudential standing requirement makes no difference because, as discussed above, the Court concludes that the bankruptcy court correctly applied Ninth Circuit law when issuing the Surcharge Order.

///
///
///
///

8

## V. CONCLUSION

Accordingly, the Court **AFFIRMS** the Surcharge Order.

IT IS SO ORDERED.

DATED: February 22, 2018.

_____
HON. MICHAEL W. FITZGERALD
United States District Judge